IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 7 |
| NATALIA A. COLLINS, | § | Case Number: 19-41103-EJC |
| | § | |
| Debtor. | § | |

| | | |
|---|---|---|
| TIFFANY E. CARON, | § | |
| Chapter 7 Trustee, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Adversary Number: _____ |
| | § | |
| CHASE BANK USA, | § | |
| NATIONAL ASSOCIATION, | § | |
| | § | |
| Defendant. | § | |

**COMPLAINT TO AVOID PREFERENTIAL
TRANSFERS PURSUANT TO 11 U.S.C. §547**

The Chapter 7 Trustee, Tiffany E Caron ("Trustee"), through counsel, files this Complaint to Avoid Preferential Transfers Pursuant to 11 U.S.C. §547 with the Court as follows:

**JURISDICTION & VENUE**

1. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and Bankruptcy Rule 7001.

2. This Adversary Proceeding relates to the above-referenced Chapter 7 case filed under the United States Bankruptcy Code and is a core proceeding within the meaning on 28 U.S.C. §§ 157 and 1334.

3. Venue is proper with this Court pursuant to 28 U.S.C. §1409(a).

## GENERAL STATEMENT OF FACTS

4. Plaintiff, Tiffany E. Caron, is the duly appointed bankruptcy trustee in the above-captioned Chapter 7 case.

5. Natalia A. Collins ("Debtor") is a resident of Pooler, Chatham County, Georgia and is the debtor in the above-captioned bankruptcy case.

6. Plaintiff is informed, believes, and therefore alleges that Chase Bank USA, National Association ("Chase") is a financial institution organized under the laws of the United States and has its principal place of business in Wilmington, Delaware and may be served with process as follows:

> Chase Bank USA, National Association
> Attn: Officer or Agent
> 201 North Walnut Street
> Wilmington, DE 19801

7. The Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code with this Court on August 10, 2019 ("Petition Date").

8. Within ninety (90) days of the Petition Date, Debtor transferred at least $20,505.32 to Chase in payment of Chase Account ending -3863 (the "Transfers").

9. Trustee seeks to recover the Transfers from Chase under the claims set forth below.

## AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §547

10. Chase received the Transfers from the Debtor within ninety (90) days of the filing of this Chapter 7 bankruptcy action.

11. The Transfers were made for or on account of an antecedent debt.

12. The Debtor was insolvent on all of the dates on which Transfers were made or obligations were incurred or became insolvent as a result of such Transfers or obligations.

13. The Transfers allowed Chase to receive more than it would have received if the case were a case under Chapter 7 of Title 11 of the United States Code, the Transfers had not been made and such creditor received payment of such debt to the extent provided under Title 11.

14. Pursuant to 11 U.S.C. §547 the forgoing Transfers are avoidable by the Trustee as preferential transfers.

WHEREFORE, the Trustee in this case, respectfully requests that the Court enter an Order:

a) avoiding Preferential Transfers made by Debtor to Defendant within the ninety (90) days prior to Petition Date;

b) for judgment against the Defendant in the amount of such Transfers; and

c) for such other relief as the Court deems just and appropriate.

This 14th day of November, 2019.

McCallar Law Firm

*/s/ Tiffany E. Caron*
Tiffany E. Caron
Ga. Bar # 745089
Attorney for Trustee

P.O. Box 9056
Savannah, GA 31412
Tel:   (404) 647-4917
Tiffany.caron@hotmail.com